STROOCK & STROOCK & LAVAN LLP
180 MAIDEN LANE
NEW YORK, NEW YORK 10038
(212) 806-5400
Attorneys for Plaintiff

'09 CIV 2223

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PAUL "BARNEY" HALLINGBY,             :    ECF CASE
                                     :
              Plaintiff,             :
                                     :    Civ. N[...]
       v.                            :
                                     :    COMPLAINT FOR DEFAMATION
ROUSH PUBLICATIONS, INC., GERALD L.  :    (LIBEL)
ROUSH, CAVALLINO, INC., and JOHN W.  :
BARNES, JR.,                         :    JURY TRIAL DEMANDED
                                     :
              Defendants.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff Paul "Barney" Hallingby, by and through his undersigned counsel of record, respectfully states his complaint for libel as follows:

## THE PARTIES

1. Plaintiff Paul ("Barney") Hallingby is a long-time resident of the State of New York. Hallingby also sometimes resides in the small community of Sharon, Connecticut. The reputational injury sustained as a result of the defamatory publication complained of herein was sustained in large part in the State of New York but also in Connecticut and elsewhere.

2. Defendant Roush Publications, Inc. (Roush, Inc.) is a corporation doing business in the City of Stone Mountain, State of Georgia, under the name "Ferrari Market Letter" (the Letter). Published 26 times per year, the Letter is a special interest publication devoted to the

purchase and sale of Ferrari automobiles, with particular emphasis on rare Ferraris. Roush, Inc. regularly distributes the Letter among Ferrari buyers, sellers, collectors and enthusiasts in the State of New York, and elsewhere worldwide. Roush, Inc. published the defamatory material complained of herein in three separate editions of the Letter.

3. Plaintiff is informed and believes and thereupon alleges that defendant Gerald L. Roush is a resident of the State of Georgia. Roush is the editor and publisher of the Letter.

4. Defendant Cavallino, Inc. is a corporation doing business in the City of Boca Raton, State of Florida, under the name "Cavallino" (the Magazine). Published once every two months, the Magazine is a special interest publication devoted to Ferrari automobiles, with particular emphasis on rare Ferraris. Cavallino, Inc. regularly distributes the Magazine among Ferrari buyers, sellers, collectors and enthusiasts in the State of New York, and elsewhere worldwide. Cavallino, Inc. published the defamatory material complained of herein in the Magazine.

5. Plaintiff is informed and believes and thereupon alleges that defendant John W. Barnes, Jr. (Barnes) is a resident of the State of Florida. Barnes is the publisher of the Magazine.

**JURISDICTION AND VENUE:**

6. Hallingby is a citizen of the State of New York for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

7. Roush Publications, Inc. a corporation doing business in the State of Georgia for the purposes of diversity jurisdiction under 28 U.S.C. § 1332.

8. Cavallino, Inc. a corporation doing business in the State of Florida for the purposes of diversity jurisdiction under 28 U.S.C. § 1332.

9. This Court has original subject matter jurisdiction with respect to this action pursuant to 28 U.S.C. § 1332 as there exists complete diversity of citizenship between Plaintiff

and Defendants and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

10.   Defendants are subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 with proper venue pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO BOTH CAUSES OF ACTION:

11.   In or about 2000, Hallingby purchased a rare and valuable 1957/58 Ferrari 250 PF, Cabriolet, Pinin Farina Series 1, Chassis No. 0799 GT (the Automobile). The Automobile is silver in color. It is unique because, *inter alia*, it is one of only 36 cars in the Pinin Farina Series 1. For that reason, it is well known to serious Ferrari Collectors and others. The Automobile has appeared at a number of major vintage auto shows and has been featured in several automobile magazines. From the time of purchase onward, Hallingby maintained the Automobile in the community of Sharon, Connecticut. Over the years, rare Ferrari buyers, sellers, collectors and enthusiasts (collectively, the "Rare Ferrari Community") came to know that Hallingby owned the Automobile and maintained it in Sharon, Connecticut.

12.   Members of the Rare Ferrari Community are aware that it is customary for a buyer to conduct a thorough due diligence process before purchasing a rare and valuable vehicle like the Automobile. In that regard, members of the Rare Ferrari Community know that the provenance of such a vehicle is extensively researched. They know that such a vehicle's title is carefully checked and any clouds on title are investigated, and diligent efforts are made to resolve them. They know that domestic and international records of stolen vehicles are consulted and any outstanding claims or charges are investigated and resolved before the sale is finalized. Accordingly, individuals in the Rare Ferrari Community understand that it is virtually impossible for a buyer to purchase a stolen rare Ferrari like the Automobile without being aware that it is stolen.

## FIRST CAUSE OF ACTION:

### For Defamation Against Cavallino, Inc. and Barnes

13. In its April/May 2008 issue (issue No. 164), the Magazine published the following statements of and concerning plaintiff:

### STOLEN FERRARI

### Ferrari 250 PF, Cabriolet, Silver Colored, Pinin Farina, Series 1, 1957/58, Chassis No. 0799 GT

Please be informed that the above-mentioned Ferrari oldtimer car with Chassis No. 0799 GT has been stolen on July 7, 1993 in Marbella, Spain from a Swiss citizen. Please also take notice that this car is on the active list of the police and further legal action will follow. Investigations by Interpol are involved. This Ferrari car has last reported to be in the custody of a Ferrari collector in Sharon 06069, Connecticut, U.S.A.

14. Members of the Rare Ferrari Community and others read the above-quoted statements in the Magazine and recognized from the detailed description, that the "stolen Ferrari" referred to therein was the Automobile.

15. Members of the Rare Ferrari Community and others read the above-quoted statements in the Magazine and understood that the reference to a "Ferrari collector in Sharon 06069, Connecticut" was a reference to Hallingby.

16. The above quoted statements are false in that the Automobile is not and was not "stolen" – either at the time of publication or at the time it was purchased by Hallingby. The statements are further false insofar as they impute to Hallingby the crime of knowingly receiving and/or maintaining possession of stolen property.

17. The above-quoted statements are defamatory per se in that they falsely impute immoral and/or criminal conduct to Hallingby, specifically the knowing receipt and/or possession of stolen property.

18. At the time Barnes and Cavallino, Inc. published the statements, they knew that reasonable readers in the Rare Ferrari Community and others would interpret them to mean that Hallingby had committed the criminal and/or immoral act of receiving and/or maintaining possession of stolen property.

19. Said defendants had no reliable or credible source for the defamatory statements and/or they knew, prior to publication, that said statements were unreliable.

20. Said defendants knew they had no true facts in support of the defamatory statements, and indeed knew that they were no more than unsubstantiated and unverified gossip.

21. Said defendants were grossly negligent in publishing the defamatory statements.

22. Said defendants published the defamatory statements with knowledge of their falsity or reckless disregard for the truth.

23. As a direct and proximate result of defendants' publication of the defamatory statements, plaintiff has suffered public ridicule, hatred and contempt.

24. As a further direct and proximate result of defendants' publication of the defamatory statements, plaintiff has suffered emotional distress, mental pain and anguish and the adverse physical consequences of these conditions.

25. As a further direct and proximate result of defendants' wrongful conduct, plaintiff has suffered special damages, the precise amount of which has not yet been ascertained but which include substantial costs incurred by plaintiff in defending baseless charges brought against him as a result of the defamatory publication.

26. Said defendants' conduct in publishing the defamatory statements disregarded plaintiff's rights and interests, was willful, intentional and sufficiently malicious to raise a presumption of conscious indifference to consequences.

27.     Plaintiff is entitled to an award of punitive damages in order to punish said defendants for their wrongful conduct.

28.     Following publication, plaintiff requested that said defendants retract the above-quoted falsehoods. Defendants refused to comply with that request.

## SECOND CAUSE OF ACTION:

### For Libel Per Se Against Defendants Roush and Roush Publications, Inc.

29.     In or about March 22, 2008, the Letter published the following statements of and concerning plaintiff:

### STOLEN FERRARI

#### Ferrari 250 PF, Cabriolet, Silver Colored, Pinin Farina, Series 1, 1957/58, Chassis No. 0799 GT

Please be informed that the above-mentioned Ferrari oldtimer car with Chassis No. 0799 GT has been stolen on July 7, 1993 in Marbella, Spain from a Swiss citizen. Please also take notice that this car is on the active list of the police and further legal action will follow. Investigations by Interpol are involved. This Ferrari car has last reported to be in the custody of a Ferrari collector in Sharon 06069, Connecticut, U.S.A.

30.     Members of the Rare Ferrari Community and others read the above-quoted statements in the Letter and recognized from the detailed description, that the "stolen Ferrari" referred to therein was the Automobile.

31.     Members of the Rare Ferrari Community and others read the above-quoted statements in the Letter and understood that the reference to a "Ferrari collector in Sharon 06069, Connecticut" was a reference to Hallingby.

32.     The above quoted statements are false in that the Automobile is not and was not "stolen" – either at the time of publication or at the time it was purchased by Hallingby. The statements are further false insofar as they impute to Hallingby the crime of knowingly receiving and/or maintaining possession of stolen property.

33. The above-quoted statements are defamatory per se in that they falsely impute immoral and/or criminal conduct to Hallingby, specifically the knowing receipt and/or possession of stolen property.

34. At the time Roush and Roush, Inc. published the statements, they knew that reasonable readers in the Rare Ferrari Community and others would interpret them to mean that Hallingby had committed the criminal and/or immoral act of receiving and/or maintaining possession of stolen property.

35. Said defendants had no reliable or credible source for the defamatory statements and/or they knew, prior to publication, that said statements were unreliable.

36. Said defendants knew they had no true facts in support of the defamatory statements, and indeed knew that they were no more than unsubstantiated and unverified gossip.

37. Following the March, 2008 publication, said defendants acquired information that gave them serious reason to doubt the truth of the defamatory statements. Nevertheless, they republished said statements in the April and May, 2008 editions of the Letter.

38. Said defendants were grossly negligent in publishing the defamatory statements.

39. Said defendants published the defamatory statements with knowledge of their falsity or reckless disregard for the truth.

40. As a direct and proximate result of defendants' publication of the defamatory statements, plaintiff has suffered public ridicule, hatred and contempt.

41. As a further direct and proximate result of defendants' publication of the defamatory statements, plaintiff has suffered emotional distress, mental pain and anguish and the adverse physical consequences of these conditions.

42. As a further direct and proximate result of defendants' wrongful conduct, plaintiff has suffered special damages, the precise amount of which has not yet been ascertained but which includes costs incurred in defending baseless charges brought against him as a result of the defamatory publication.

43. Said defendants' conduct in publishing the defamatory statements disregarded plaintiff's rights and interests, was willful, intentional and sufficiently malicious to raise a presumption of conscious indifference to consequences.

44. Plaintiff is entitled to an award of punitive damages in order to punish said defendants for their wrongful conduct.

45. Following publication, plaintiff requested that said defendants retract the above-quoted falsehoods. Defendants refused to comply with that request.

### **PRAYER FOR RELIEF:**

WHEREFORE, PLAINTIFF prays for judgment on each cause of action as follows:

1. For trial by jury.

2. For general damages in an amount of not less than $5,000,000;

3. For punitive and/or exemplary damages in an amount to be proved at trial;

4. For costs of suit incurred herein; and

5. For such other and further relief as to the Court seems just and proper.

Dated: March 10, 2009
New York, New York

                               STROOCK & STROOCK & LAVAN LLP

                               By: _____
                                       Sandra Rampersaud (SR-1234)
                                       180 Maiden Lane
                                       New York, New York 10038
                                       Telephone: (212) 806-5400
                                       Facsimile:  (212) 806-6006

                                                 -and-

                                       Barry B. Langberg
                                       Deborah Drooz
                                       STROOCK & STROOCK & LAVAN LLP
                                       2029 Century Park East, Suite 1800
                                       Los Angeles, California  90067-3086
                                       Telephone: (310) 556-5800
                                       Facsimile:  (310) 556-5959

                                       *Attorneys for Plaintiff*


TO:    ROUSH PUBLICATIONS, INC., and GERALD L. ROUSH
          4380 Fallow Field Lane
          Lilburn, Georgia 30047

          CAVALLINO, INC., and JOHN W. BARNES, JR.
          1140 Holland Drive #3
          Boca Raton, Florida 33487

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby makes its demand for a jury trial.

Dated: March 10, 2009
New York, New York

                STROOCK & STROOCK & LAVAN LLP

                By: _____
                     Sandra Rampersaud (SR 1234)
                     180 Maiden Lane
                     New York, New York 10038
                     Telephone: (212) 806-5400
                     Facsimile: (212) 806-6006

                          -and-

                     Barry B. Langberg
                     Deborah Drooz
                     STROOCK & STROOCK & LAVAN LLP
                     2029 Century Park East, Suite 1800
                     Los Angeles, California 90067-3086
                     Telephone: (310) 556-5800
                     Facsimile: (310) 556-5959

                     *Attorneys for Plaintiff*

TO:    ROUSH PUBLICATIONS, INC., and GERALD L. ROUSH
         4380 Fallow Field Lane
         Lilburn, Georgia 30047

         CAVALLINO, INC., and JOHN W. BARNES, JR.
         1140 Holland Drive #3
         Boca Raton, Florida 33487

Index No.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL "BARNEY" HALLINGBY,

                                      Plaintiff,

   -against-

ROUSH PUBLICATIONS, INC., GERALD L. ROUSH,
CAVALLINO, INC., and JOHN W. BARNES, JR.,

                                      Defendants


COMPLAINT FOR DEFAMATION (LIBEL)


STROOCK & STROOCK & LAVAN LLP
*Attorneys for* Plaintiff

180 MAIDEN LANE
NEW YORK, NEW YORK 10038-4982
212 806 5400


*PLEASE TAKE NOTICE*

☐ NOTICE OF ENTRY

that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on          20

☐ NOTICE OF SETTLEMENT

that an Order of which the within is a true copy will be presented for settlement to the
Hon.                               one of the judges of the within named Court,
at
on                       20   , at         M.

Dated:

STROOCK & STROOCK & LAVAN LLP
*Attorneys for*

180 MAIDEN LANE
NEW YORK, NEW YORK 10038-4982
212 806 5400

To: