UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL "BARNEY" HALLINGBY,

          Plaintiff,

- v. -

ROUSH PUBLICATIONS, INC.,
GERALD L. ROUSH, CAVALLINO, INC.,
and JOHN W. BARNES, JR.,

          Defendant.

INDEX NO. 09 CIV 2223 (MGC)

**PLAINTIFF'S EVIDENTIARY OBJECTIONS IN SUPPORT OF
OPPOSITION TO MOTION TO DISMISS AND
MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Paul "Barney" Hallingby hereby submits his Objections to Extrinsic Evidence filed in support of his Opposition to Motion to Dismiss and Motion to Strike First Amended Complaint.

1. <u>Objection</u> (Roush Aff. ¶ 3). Plaintiff objects to Paragraph 3 of the Roush Affidavit on the grounds that it lacks foundation and constitutes inadmissible hearsay, in that it purports to describe the contents of a database entry, which itself purports to describe a conversation with a third party, FBI agent Ken Crook.

2. <u>Objection</u> (Barnes Aff. ¶ 3). Plaintiff objects to Paragraph 3 of the Barnes Affidavit on the grounds that it lacks foundation and, to the extent it is offered for the truth of the matter asserted therein, *i.e.*, that Massini in fact "ke[pt] detailed records of the history of all of the early Ferraris," it consists of inadmissible hearsay. Plaintiff further objects to Exhibit 3 to the

1

Barnes Affidavit, a purported March 4, 2008 email exchange between Massini and Barnes, on the grounds that it lacks foundation and constitutes hearsay.

3. <u>Objection</u> (Roush Aff. ¶ 3). Plaintiff objects to Roush's description of the alleged September 28, 2000 to the extent that the email is offered for the truth of the matter asserted therein, *i.e.*, that the Automobile was stolen, it consists of inadmissible, multiple hearsay, and should not be considered by the Court. Paragraph 3 of the Roush Affidavit consists, in pertinent part, of Roush's description of the contents of a database entry, which in turn purports to describe the contents of a September 28, 2000 email from Massini, which itself apparently purported to relay information Massini learned from third parties.

4. <u>Objection</u> (Barnes Aff. ¶ 3). Plaintiff objects to Paragraph 3 of the Barnes Affidavit on the grounds that it lacks foundation and, to the extent it is offered for the truth of the matter asserted therein, it consists of inadmissible hearsay. Plaintiff objects to Exhibits 3 and 4 to the Barnes Affidavit on the grounds that they lack foundation and constitute hearsay.

5. <u>Objection</u> (Barnes Aff. ¶ 5 & Exh. 4). Plaintiff objects to the document attached to the Barnes Affidavit as Exhibit 4 in that it lacks foundation and constitutes hearsay, and therefore cannot be considered for the truth of the matters asserted therein.

6. <u>Objection</u> (Rousch Aff. ¶¶ 2, 4, 8 & Exh. 5). Plaintiff objects to Paragraphs 2, 4 and 8 of the Roush Affidavit as hearsay. To the extent it is offered for the truth of the matters asserted therein, Plaintiff also objects to Exhibit 5 as hearsay.

7. <u>Objection</u> (Barnes Aff. ¶¶ 2, 6 & Exhs. 1, 6). Plaintiff objects to Paragraphs 2 and 6 of the Barnes Affidavit as hearsay. To the extent offered for the truth of the matters asserted therein, Plaintiff also objects to Exhibits 3 and 6 as hearsay.

8. <u>Objection</u> (Roush Aff. ¶ 7 & Exh. 9). To the extent it is offered for the truth of the matters asserted therein, Plaintiff objects to Exhibit 9 to the Roush Affidavit on the grounds that it lacks foundation and constitutes hearsay.

9. <u>Objection</u> (Roush Aff. ¶ 7 & Exh. 9). Plaintiff objects to the document upon which Defendants rely for this purported undisputed fact, Paragraph 6 of Exhibit 9 to the Roush Affidavit, on the grounds that it lacks foundation and consists of multiple levels of hearsay. Specifically, Exhibit 9 is a photocopy of a warrant, Paragraph 6 of which states that a Connecticut police officer was told by Interpol that a third party reported to Interpol that the Automobile was stolen, and that Interpol told the Connecticut police officer that the Automobile "remains listed in Interpol" as stolen.

10. <u>Objection</u> (Barnes Aff. ¶ 7). Plaintiff objects on the grounds of foundation and hearsay.

Dated: New York, New York
April 13, 2010

               Respectfully submitted,

               STROOCK & STROOCK & LAVAN LLP

               By:  /s/ Sandra J. Rampersaud
                 Sandra J. Rampersaud (SR 1234)
                 180 Maiden Lane
                 New York, New York 10038-4982
                 Phone: (212) 806-5400
                 Fax: (212) 806-6006

                 Deborah Drooz, Esq.
                 Brownstein Hyatt Farber Schreck LLP
                 2029 Century Park East, Suite 2100
                 Los Angeles, California 90067
                 Tel: (310) 500-4612
                 Fax: (310) 500-4602
                 *Attorneys for Plaintiff*
                 *Paul "Barney" Hallingby*